# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY J. COHEA, | CV F   06-1321 AWI DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| L.E. SCRIBNER, | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on September 21, 2006.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. §

1  1983 is the proper method for a prisoner to challenge the conditions of that confinement.
2  <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991); <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at
3  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.
4        In this case, Petitioner contends that the California Department of Corrections has a
5  policy to steal his property and have denied his constitutional right to file an administrative
6  grievance.  As Petitioner concedes in his petition (Petition at 6), he is challenging the conditions
7  of his confinement, not the fact or duration of that confinement.  Thus, Petitioner is not entitled
8  to habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his
9  claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

10  <u>RECOMMENDATION</u>

11        Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
12  DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas
13  corpus relief.
14        This Findings and Recommendation is submitted to the assigned United States District
15  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
16  the Local Rules of Practice for the United States District Court, Eastern District of California.
17  Within thirty (30) days after being served with a copy, any party may file written objections with
18  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
19  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
20  and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the
21  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
22  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
23  may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

25     IT IS SO ORDERED.
26     **Dated:   October 6, 2006**        **/s/ Dennis L. Beck**
   3b142a        UNITED STATES MAGISTRATE JUDGE